UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LISA McCAULEY,<br><br>    Defendant. | No. 2:17-cv-01682 GEB GGH<br><br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2  The court has examined the informa pauperis application and has determined that plaintiff lacks the resources to pay the fees and costs associated with this action and will therefore grant the Motion.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain

1

statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiffs' claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.

Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

*THE COMPLAINT*

In order to maintain a suit in federal court, the plaintiff must allege a basis for federal jurisdiction insofar as a federal court may adjudicate only those cases authorized by the Constitution and by Congress See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 377 (1994). The basic federal jurisdiction states, 28 U.S.C. sections 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively. Unless a complaint presents a plausible assertion of a substantial federal right a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682 (1945). A simple reference to a federal law, as here, does not create subject matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5thCir. 1995). Subject matter jurisdiction is created only by pleading a claim within the court's original jurisdiction. Id.

Here plaintiff has asserted jurisdiction lies pursuant to 28 U.S.C. section 1331, which confers jurisdiction on the court over any "action arising under the Constitution, laws, or treaties of the United States," and 1446, which provides jurisdiction over cases removed from a State Court to the federal court. This case, of course was not removed from state court, so the analysis of jurisdiction must rest on section 1331 and the civil rights laws to which it adverts.

Plaintiff purports to be suing for a violation of his federal right to due process of law. However, in order to state a cognizable claim and establish jurisdiction he must do so pursuant to 28 U.S.C. section 1983, or some other federal statute, which establishes the basis for such a claim. The statute states:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution . . . shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

This statute does not, however, create any substantive rights. Rather, to rely on section 1983 a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 46 (1988). Here, plaintiff is suing a private party. A section 1983 claim *can* lie against a private party, but only when she "is a willful participant in joint action with the State or its

3

agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980).

Plaintiff is suing a defendant he alleges injured him due to "improper landlord/tenant procedures," which procedures he asserts resulted in the commission of fraud, negligence, and misrepresentation by which he has been damaged. There are no facts stated that would lead the court to believe that defendant's failure to follow these procedures was taken in any kind of joint action with the State or a state agent. Rather, plaintiff is asserting the kinds of offenses that are subject to state law and can be litigated in the state courts, not in this federal court.

*CONCLUSION*

The plaintiff has failed to state a basis for federal jurisdiction in his pending complaint. Although this court cannot divine any basis upon which he could do so state, given the facts he has so far provided, it will permit him to file an amended complaint if, by doing so, he can meet the requirements for jurisdiction laid out above and shall allow him 30 days from the date of this Order to do so.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed with his action informa pauperis is GRANTED;

2. Plaintiff's complaint is dismissed with leave to amend to conform to the standards set out in this Order within 30 days of the filing of the Order.

3. Plaintiff is warned that the failure timely to file an amended complaint, or the filing of such an amended complaint that does not meet the requirements laid out in this Order, may result in a recommendation that his complaint be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: August 24, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE